IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| DENNIS G. McINTIRE<br>and CYNTHIA A. McINTIRE, | ) )<br>) | |
| Plaintiffs, | )<br>) | TC-MD 130467C |
| v. | )<br>)<br>) | |
| DEPARTMENT OF REVENUE,<br>State of Oregon, | )<br>)<br>) | |
| Defendant. | ) | **FINAL DECISION** |

The court entered its Decision in the above-entitled matter on March 18, 2014. The court

did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days

after its Decision was entered. The court's Final Decision incorporates its Decision without

change.

Plaintiffs appealed Defendant's Notices of Assessment (Assessment) for tax years 2008

through 2011, inclusive. By Order issued October 17, 2013, the court granted Defendant's

request to dismiss tax years 2008 and 2009 as untimely. That Order is hereby incorporated into

and made a part of this Decision.

Trial was held March 3, 2014, concerning Plaintiffs' appeal of Defendant's Assessments

for 2010 and 2011. Plaintiffs did not submit any exhibits to the court prior to trial and therefore

had no exhibits to offer at trial. Cynthia McIntire (McIntire) testified for Plaintiffs. Kristin

Harrison (Harrison), Auditor for the Oregon Department of Revenue, testified for Defendant.

Defendant's Exhibits D and G were admitted at trial without objection.

/ / /

/ / /

## I. STATEMENT OF FACTS

There are few established facts because very little evidence was submitted at trial and testimony was brief. The following facts are taken from the parties' pleadings, the trial testimony, and Defendant's two exhibits.

Plaintiffs reported $7,595 for charitable contributions in 2010 and $7,800 for 2011. (Def's Ex G at 1.) The contributions reported for both years consisted largely of cash donations to a church and property given to the church in 2010 and property given by Plaintiffs in 2011 to the high school in Junction City, where Plaintiffs live.

The contributions Plaintiffs reported for 2010 were comprised of $7,095 in cash donations by Plaintiffs to a church, and $500 for the cost or value of some chairs that McIntire testified Plaintiffs bought and donated to their church. (Def's Ex G at 1.) The 2011 contributions consisted of $6,000 of reported cash donations by Plaintiff to their church plus $1,800 of property donations. (*Id.*) According to McIntire's sworn testimony and a letter from the Junction City School District dated June 13, 2013, submitted into evidence by Defendant (Def's Ex D at 15), $1,000 of the $1,800 of reported property donations in 2011 consisted of a 150 gallon aquarium with lights and a lid, "cabinets," and two lizards. McIntire, who operated an in-home child care business during and prior to the years at issue (2010 and 2011), testified that the parents of one of the children in her child care business gave Plaintiffs the lizards in either 2006 or 2007. McIntire apparently used the lizards, at least in part, for her child care business. McIntire testified that her daughter and the other children in her child care business enjoyed the lizards. McIntire further testified that she did not want the continued responsibility of caring for the lizards she described as belonging to her daughter, so McIntire donated them to the local high school after her daughter moved out of Plaintiffs' home.

McIntire testified that she could not find the receipt for the chairs Plaintiffs allegedly bought and donated to the church in 2010. As for the aquarium, lizards, and other items Plaintiffs donated to the school in 2011, McIntire testified that she was not aware she was required to have photographs or other forms of proof such as an appraisal or independent value estimate prepared by a qualified individual or organization to establish the existence and value of those items. McIntire testified that she thought that the letter from the school district dated June 13, 2013, and signed by the chair of the school's Board of Directors, was sufficient to establish the $1,000 value of the aquarium and lizards Plaintiffs reported on their 2011 income tax return. (Def's Ex D at 15.) Harrison testified that she did not doubt that Plaintiffs donated an aquarium and lizards to the school, but that the June 13, 2013, letter from the school district is dated approximately two years after the time of the donation which, according to the letter, was October 2011. (*Id.*) Harrison also noted that the only form of evidence establishing the value of the aquarium and lizards is the letter from the school district; Plaintiffs did not provide a listing of all of the items associated with that donation (*e.g.*, the aquarium size, the lid and lights, the cabinets, etc.), and there were no photographs or receipts showing the basis or cost of any of the items, the quality and condition of the property, nor an appraisal establishing the value.

As for the charitable contributions to the church, McIntire testified that she believed the documentation she provided to Defendant prior to trial, which Defendant submitted into evidence as Exhibit D, was sufficient to prove that Plaintiffs did indeed donate cash to their church in 2010 and 2011. Exhibit D reflects total contributions of $5,300 to Westside Apostolic Church for 2010. (Def's Ex D at 8.) Exhibit D also reflects total cash contributions to that organization in the amount of $5,575 for 2011. (*Id.* at 9.) As stated above, Plaintiffs reported $7,095 in cash donations to the church in 2010 and $6,000 and 2011. Harrison noted at trial that

neither of the church contribution statements is dated or signed by a church official, and testified that the statements do not, in her opinion, appear to be on official letterhead. Both statements do have what appears to be an organizational logo in the upper left corner, with the words "UNITED PENTECOSTAL CHURCH INTERNATIONAL" at the top center of the page, and below that, the name and address of the local church Plaintiffs reportedly attended (Westside Apostolic Church), the year of the donations (*e.g.*, "2010 TAXES"), Plaintiffs' names, a list of the amounts given in each month of the years, and at the bottom an Employer Identification Number.) (*Id*. at 8-9.)

In closing, McIntire testified that she gave to Defendant all of the paperwork she was given regarding the cash donations to the church and the school donation, that she was an honest, God-fearing person, and that she did not know that she needed to have additional information such as photographs or appraisals to prove the existence and value of the aquarium and related items. She concluded by stating that she has "learned a lot" going through the audit process. Harrison closed by requesting that the court uphold the assessments for 2010 and 2011, denying all of the claimed charitable contributions because there was a lack of sufficient (complete) documentation and that the documentation given her was not "proper" (*e.g.*, the church letters are not complete in terms of having a signature, etc.).

## II. ANALYSIS

A.    *The Issue*

The only issue in this case is whether Plaintiffs are entitled to all or a portion of the charitable contributions they reported on their 2010 and 2011 income tax returns. There is no disagreement over the law pertaining to the deductibility of qualifying donations to qualified

/ / /

nonprofit, tax exempt organizations such as churches and schools per Internal Revenue Code (IRC) Section 170.[1]

B.    *The Law*

By statute, Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence.  ORS 305.427.[2]  " 'Preponderance' derives from the Latin word 'praeponderare,' which translates to outweigh, be of greater weight.'  8 Oxford English Dictionary 1289 (1933).  With regard to the burden of proof or persuasion in civil actions, it is generally accepted to mean the greater weight of evidence." *Riley Hill General Contractor v. Tandy Corp.*, 303 Or 390, 394, 737 P2d 595 (1987).  This court has previously ruled that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue,* 4 OTR 302, 312 (1971).

IRC section 170 provides in part:

> "There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary."

IRC regulations require that charitable contributions be substantiated by proper, reliable documentation.  Treas Reg § 1.170A-13.  Such documentation includes copies of canceled checks, receipts, or "other reliable written records."  Treas Reg § 1.170A-13(a)(i)-(iii).  Under the code, reliability is based on "all of the facts and circumstances of the particular case."  Treas Reg § 1.170A-13(a)(iii)(2).  Factors of reliability include "[t]he contemporaneous nature of the writing evidencing the contribution."  Treas Reg § 1.170A-13(a)(iii)(2)(A).  For donations of

---

[1] Reference to the Internal Revenue Code is to the 1986 code, as amended and applicable in 2010 and 2011.

[2] Unless noted otherwise, the court's references to the Oregon Revised Statutes (ORS) are to 2011 (because the outcome turns on burden of proof and the appeal was filed in 2013, before the relevant provision of the 2013 statute took effect).

property, the taxpayer's records must include, among other things, "[a] description of the property in detail reasonable under the circumstances (including the value of the property)," and the "method utilized in determining the fair market value." Treas Reg § 1.170A-13(b)(2)(ii)(C), (D). If the value of the donated property exceeds $500, there are more stringent recordkeeping requirements, including the manner and the date of acquisition, and the cost or adjusted basis of the property at the time of the contribution. Treas Reg § 1.170A-13(b)(iii)(3).

C.     *Plaintiffs Have Not Met Their Burden of Proof Under ORS 305.427*

      1.     *Church Contributions (2010 and 2011)*

McIntire did not establish by a preponderance of the evidence that the "tax statements" Plaintiffs allegedly obtained from their church were authentic (i.e., actually prepared by the church as opposed to having been generated or modified by Plaintiffs on a computer), or that the information appearing in the two letters is accurate. McIntire struck the court as credible, but credibility must coincide with substantiation, particularly in cases such as the present, where the documentary evidence is incomplete. For example, the amounts Plaintiffs reported as charitable contributions to the church on their returns for 2010 and 2011 do not match the amounts reported on the statements from the church; there is a discrepancy of nearly $1,800 on the 2010 return ($7,095 reported compared to $5,300 reflected in the "church" letter). No explanation was given for the discrepancies in each year. Additionally, the year-end donation statements are not signed by a church official, leaving open the question of authenticity and accuracy. And, according to testimony, the donations were made in cash, with Plaintiffs putting their money in an envelope and putting that envelope in the church offering plate. There are, therefore, no cancelled checks to verify any donations. The only evidence tending to substantiate the donations is the two questionable statements from the church that are unsigned. Unfortunately for Plaintiffs, it is not

enough to donate to a charitable organization; a taxpayer must have corroborating evidence to substantiate the donations in the event of an audit.

As for the donations of property to the church, Plaintiffs allegedly donated $500 worth of chairs in 2010, but have no receipts for the purchase of those chairs. Nor do Plaintiffs have any written documentation from the church establishing the donation of the chairs. Without proper substantiation of the cost and proof of gifting, that deduction cannot be allowed.

2.      *School Donation (2011)*

The other deduction Plaintiffs claimed on their 2011 return that is at issue in this appeal is the donation of an aquarium, two lizards and associated equipment, to the local high school.

Plaintiffs obtained a letter from the school written nearly two years after the alleged donation. Defendant does not challenge the fact that Plaintiffs made the donation of an aquarium and lizards to the local high school. Moreover, if properly substantiated, Defendant would allow the deduction, as would this court.

The problem in this case is that there is insufficient documentation supporting the specific items donated and their value. Plaintiffs have no evidence to prove the cost or value of the tank and lizards in the year of the donation (2011). Nor is there a detailed listing of the items donated. McIntire testified to donating cabinets and lights along with the aquarium and lizards. The June 13, 2013, letter from the Junction City School District states in relevant part only that Plaintiffs are thanked "for [their] donation in October of 2011 of an aquarium and lizards for the science department." (Def's Ex D at 15.) Thus, although Defendant does not challenge that Plaintiffs donated the items to the high school, there is insufficient evidence as to the specific items donated (including the number of lizards, lights, and cabinets) and, more importantly their value. The IRC requires such records, as set forth above. *See generally* Treas Reg § 1.170A-

13(b).  Unfortunately, without such evidence, and no testimony at all from McIntire as to how the value was established, the court cannot allow any portion of the claimed $1,000 deduction.

### III.  CONCLUSION

The court concludes that Plaintiffs have failed to establish by a preponderance of the evidence that they are entitled to the disputed contributions they claimed on their 2010 and 2011 tax returns.  Plaintiffs' appeal for 2008 and 2009 is dismissed as untimely.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal for tax years 2010 and 2011 must be denied for failure to meet the requisite burden of proof, and their appeal for 2008 and 2009 is dismissed.

Dated this ____ day of April 2014.

_____
DAN ROBINSON
MAGISTRATE

***If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.***

***This document was signed by Magistrate Dan Robinson on April 4, 2014.  The court filed and entered this document on April 4, 2014.***